IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD L. HILL, II,

    Petitioner

v.                          CIVIL NO. 3:CV-13-213

J. E. THOMAS, WARDEN,    (Judge Conaboy)

    Respondent

FILED SCRANTON
JUL 21 2014
PER ___ CT
DEPUTY CLERK

**MEMORANDUM**
**Background**

    Howard L. Hill, II, an inmate presently confined at the United States Penitentiary, Florence, Colorado (USP-Florence) filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while previously confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).

    Named as Respondent is USP-Lewisburg Warden J. E. Thomas. Service of the petition was previously ordered. Petitioner seeks relief with respect to a USP-Lewisburg disciplinary proceeding which resulted in a loss of good credit time. Hill describes himself as suffering from severe depression and paranoia. According to the Petition, Hill attempted suicide by taking an overdose of pills on May 25, 2012 and was discovered lying unconscious on the floor of his cell.

    Prior to entering Petitioner's cell, correctional officers

"gassed" Hill twice. Doc. 1, p. 3. The gas allegedly caused Hill to choke and regain semi-consciousness but also caused irritation to his skin and eyes due to lack of proper decontamination. The Petitioner was than placed in hand restraints and placed on suicide watch for approximately the next five (5) days. As a further result of the incident, Petitioner was issued two (2) institutional incident reports.

Hill asserts that the officer assigned to investigate the charge and the prison's Unit Disciplinary Committee (UDC) violated his right to privacy by discussing the charges with him at his cell door within earshot of other prisoners.[1]

On or about July 2, 2012, a hearing on the incident report was conducted by a Disciplinary Hearing Officer (DHO). Although it is alleged that Hill's staff representative and witnesses were not present and the reports were not timely served, the inmate was nonetheless found guilty of the charge of self-mutilation and was sanctioned in part to a loss of good conduct time.

However, an administrative appeal of that decision by Hill to the Regional Office of the Bureau of Prisons (BOP) was partially granted. Following an August 24, 2012 rehearing on

---

[1] the Privacy Act, 5 U.S.C. § 552a(b)(6), precludes production of personnel and medical files and similar files the disclosure of which would constitute a clear and unwarranted invasion.

2

a revised charge before Disciplinary Hearing Officer (DHO) A. Jordan, Petitioner was found guilty of misuse of prescribed medication and multiple sanctions were imposed including a fourteen (14) day loss of good conduct time.

Petitioner asserts that prison staff failed to take proper action when they were advised by Hill's cell mate that he was suicidal and had ingested pills. The Petition also contends that the use of restraints and chemical agents was excessive and unwarranted.

Hill further claims that his due process rights were violated in that there was no "clear and present" evidence to support the finding of guilt.[2] Doc. 1, p. 9. He also argues that the incident report was not served in a timely fashion, videotape evidence as to the alleged use of excessive force was not preserved, and that witnesses were not interviewed or allowed to be presented. Petitioner further alleges that his prison psychologist, Doctor Cannon, failed to properly intervene and present germane evidence.

## Discussion

Habeas corpus review under § 2241 "allows a federal

---

[2] He also raises a number of contentions with respect to his initial DHO hearing. However, since that proceedings was overturned on administrative appeal, any claims pertaining to that proceeding are moot.

prisoner to challenge the 'execution' of his sentence." <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), <u>Telford v. Hepting</u>, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

**Excessive Force/Deliberate Indifference/Right to Privacy**

As previously noted, the pending Petition includes claims that USP-Lewisburg staff were deliberately indifferent when they failed to take action after were advised by Hill's cell mate that he was suicidal and had ingested pills. Petitioner also asserts that the use of restraints and chemical agents constituted an excessive use of force.

Hill additionally alleges that the investigating USP-Lewiburg officer and the prison's UDC violated his right to privacy by discussing the disciplinary charges filed against him at his cell door within earshot of his cell mate and other inmates.

It is clear that with respect to the above listed allegations, Hill not set forth a viable claim of entitlement to

speedier or immediate release from custody nor does he challenge the legality of his present incarceration. His excessive force, deliberate indifference, and privacy violation allegations are not related to the execution of his sentence as contemplated in Woodall. Those purportedly improper actions taken by prison officials did not include a loss of good time credits or otherwise extended the length of Hill's confinement. Thus, those purported acts of constitutional misconduct did not adversely affect the fact or duration of Petitioner's federal incarceration. Pursuant to the standards announced in Leamer, habeas corpus is not an appropriate or available federal remedy with respect to those contentions. See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, those claims will be denied as meritless without prejudice to any right Hill may have to reassert them in a properly filed civil rights complaint.[3] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075,

---

[3] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Hill may file based upon the facts asserted herein.

slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA [Prison Litigation Reform Act], his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

**Due Process**

Hill asserts that his due process rights were violated during his institutional disciplinary proceedings because there was insufficient evidence to support the finding of guilt. See Doc. 1, p. 9. Petitioner also claims that the incident report was not served in a timely fashion, videotape evidence as to the alleged use of excessive force was not preserved, and that witnesses were not interviewed or allowed to be presented. Petitioner further contends that his prison psychologist, Doctor Cannon, failed to properly intervene and present germane evidence.

The United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. Wolff noted that "prison disciplinary proceedings are not part

of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. Id. at 563-71.

A subsequent Supreme Court decision, Sandin v. Conner, 515 U.S. 472, 480-84 (1995), reiterated that the due process safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits. See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). Since Hill was sanctioned to a loss of good time credits which adversely affected the duration of his ongoing federal confinement, his present due process allegations are appropriate for federal habeas corpus review.

Wolff set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate

representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Supreme Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

With respect to Petitioner's disciplinary proceedings, it is initially noted that any claims relating to Hill's first hearing are moot since he was administratively granted a rehearing. Following Petitioner's successful administrative appeal a rehearing on revised charges of use of any drug, narcotic, or alcohol and misuse of prescribed medication was held on August 24, 2012.

The first prong of Wolff requires that an inmate accused of a disciplinary infraction be provided with advance written notice of the charges against him. Notice must be provided twenty four (24) hours prior to the time of hearing. Petitioner claims that the incident report was not served in a timely fashion.

A review of the record establishes that Andrew M. Edinger,

M.D. of the USP-Lewisburg medical staff wrote an incident report against Hill on May 25, 2012 which alleged that Petitioner had admitted consuming twenty (20) pills of his sertraline medication as well as ten (10) other pills which he acquired from another prisoner. Hill also acknowledged that he wanted to harm himself because of his belief that he was not receiving sufficient attention from the prison's mental health staff. See Doc. 8-1, Exhibit A, Attachment 1, p. 4. The original charge against Hill was that he engaged in disruptive conduct most like self-mutilation.

Service of the incident report was suspended pending Petitioner's release from suicide watch. On May 30, 2012, the date of his release from suicide watch, Hill was served with the incident report. See id. at p. 6. Since Petitioner's disciplinary rehearing was not convened until August 24, 2012 there is no basis for a finding that Hill was not afforded with the amount of advance written notice required under Wolff. It is equally noted that there has been no showing by Petitioner as to how the alleged delay in issuance of the incident report prejudiced his ability to pursue a defense to the misconduct charge.

Second, Petitioner does not assert that he requested, but was denied the opportunity to be provided with a staff

representative. According to the undisputed record, Petitioner requested that staff member M. Vansickle serve as his staff representative. See id., Attachment 2, p. 7. This request was granted and Vansickle appeared on Hill's behalf at the rehearing. Accordingly, this due process requirement was clearly satisfied.

There is also no claim by Petitioner that he was denied the opportunity to submit documentary evidence. In addition, the DHO's written report indicates that Hill presented no documents for consideration. Hill does maintain that videotape evidence as to the alleged use of excessive force was not preserved. However, such evidence was not germane to the issue of whether Hill committed the charged institutional misconduct. Moreover, the DHO's written report indicates that video footage requested by Hill was reviewed. This prong of Wolff will likewise be deemed satisfied.

Hill raises a vague contention that he was denied the opportunity to call witnesses as contemplated under Wolff. His petition generally claims witnesses were not interviewed or allowed to be presented. Petitioner also alleges that his prison psychologist, Doctor Cannon, failed to properly intervene and present germane evidence.

It is undisputed that Petitioner requested that his prison

psychologist, Doctor Cannon, be called as a witness to testify that the prisoner needs help. See id. at p. 8. Since Dr. Cannon did not witness the underlying events, the request was denied. However, a Suicide Risk Assessment form completed by Doctor Cannon which documented Hill's mental state during the relevant time period was submitted and taken into consideration.[4] Petitioner does not provide the identities of any other witnesses whom he requested but were not allowed. Although the only witness actually requested by Petitioner, Doctor Cannon was denied, there is bo basis for federal habeas relief since Doctor Cannon was not an eyewitness and since the physician submitted a written assessment of the Petitioner's mental state during the relevant time period, which was the sole purpose behind Petitioner's request for said witness.

Wolff further directs that the factfinder in a prison disciplinary proceeding must issue a written decision describing the evidence relied upon and stating the rationale behind any decision. It is undisputed that the DHO issued a six (6) page type written decision as required. There is no claim by Hill

---

[4] Doctor Cannon opined that Hill has a history of attempting suicide to obtain special considerations, such as being removed from his Special Management Unit cell. Cannon added that it was his determination that Hill's overdose was not motivated by suicidal intent and that the prisoner did not appear to have significant depression. See id. at p. 10.

11

that the decision failed to describe the evidence relief upon or was otherwise deficient. Moreover, a copy of said decision has been submitted for consideration by the Court. See id., Attachment 2. A review of the six (6) page typewritten DHO decision shows that it provided Petitioner with a clear explanation as to the evidence relied upon and the rationale behind the finding of guilt rendered by the DHO. This Wolff due process mandate will also be deemed satisfied.

The remaining prong of Wolff mandates that Petitioner had the right to appear before an impartial decision maker. There is no claim by Hill that the DHO who presided at his rehearing was biased and there are no facts alleged that the DHO had any pre-existing animosity towards the Petitioner or any other facts which could call into question the DHO's impartiality.

Finally, it is required under Hill that the DHO's decision must be supported by some evidence. The findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979). A federal court has no duty to independently weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. Hensley v. Wilson, 850 F.2d 264 (6th Cir. 1988). Moreover, there is no requirement

that the evidence presented to the DHO rule out all other possibilities. Moreover, the presiding DHO clearly had the right to make a credibility determination.

It is undisputed that Petitioner gave oral testimony admitting that had swallowed pills. Contrary to earlier admissions by Hill, he indicated that the pills were not his and that he should not be held accountable for his actions because of his mental illness.

Moreover, Hill's institutional medical records (including a Health Services Clinical Encounter form regarding the underlying event which noted that Hill ingested prescribed medication), his hearing testimony, the incident report by Doctor Edinger which included an earlier admission by Hill that he had taken an overdose of his own prescribed medication as well as pills belonging to another prisoner, and Doctor Cannon's suicide risk assessment clearly satisfied the some evidence requirement of <u>Hill</u> that the inmate had committed the misuse of prescribed medication.

**Conclusion**

Petitioner's claims of excessive force, deliberate indifference and violations of his right to privacy are not properly asserted in a federal habeas corpus petition. There is no viable claim set forth by Hill that he was not provided with

any of the Wolff procedural safeguards. Finally, Petitioner has failed to provide any facts which would establish that the DHO's decision did not meet the evidentiary requirements of Hill. The petition for writ of habeas corpus will be denied. An appropriate Order will enter.

                                          RICHARD P. CONABOY
                                          United States District Judge

DATED: JULY 21st, 2014